STATE OF MAINE *vs.* JAMES RIGLEY, Appellant.

Washington.    Opinion February 24, 1909.

*Intoxicating Liquors.    Search and Seizure.    Complaint.    Allegations.    Intent. Revised Statutes, chapter 29, sections 47, 49.*

A complaint for having in possession intoxicating liquors "with intent that the same be sold in this state in violation of law" contains a sufficient allegation of the intent under Revised Statutes, chapter 29, section 47.

On exceptions by defendant.    Overruled.

Complaint against the defendant for having in his possession intoxicating liquors with intent to sell the same contrary to the provisions of Revised Statutes, chapter 29, section 47. The complaint is as follows:

"STATE OF MAINE.

"Washington, ss.

"To the Recorder of the Calais Municipal Court holden at the City of Calais within and for said County of Washington. Ferd E. Stevens of Lewiston in County of Androscoggin, said State, in behalf of the State of Maine, on oath complains that James Rigley

of Calais in said County of Washington, on the eleventh day of July in the year of our Lord one thousand nine hundred and eight at Calais in the County of Washington unlawfully did have in his possession a certain quantity of intoxicating liquor, to wit— one bottle containing five gills of whiskey one bottle containing one quart of wine with intent that the same be sold in this State in violation of law against the peace of the State, and contrary to the form of the statute in such case made and provided.

"Therefore, said complainant prays that said Accused may be apprehended and held to answer this Complaint, and further dealt with relative to the same as the law directs.

(sig.)    FERD E. STEVENS."

On this complaint a warrant in due form of law was issued and the defendant was duly apprehended thereon.   The record does not disclose what disposition of the matter was made by the Municipal Court, but presumably judgment was for the State and the defendant then appealed to the Supreme Judicial Court, Washington County.   The defendant demurred to the complaint and the matter was heard at the October term, 1908, of said Supreme Judicial Court.   The demurrer was overruled and the defendant excepted and was granted leave to plead anew if his exceptions were overruled.

The case is stated in the opinion.

*C. B. Donworth,* County Attorney, for the State.

*R. J. McGarrigle,* for defendant.

SITTING :   EMERY, C. J.,   WHITEHOUSE,   SAVAGE,   SPEAR,   KING, BIRD, JJ.

EMERY, C. J.   By R. S., ch. 29, sec. 47, it is provided that "no person shall deposit or have in his possession intoxicating liquors with intent to sell the same in the State in violation of law, or with intent that the same shall be so sold by any person, or to aid or assist any person in such sale."   By section 49 it is provided that "if any person competent to be a witness in civil suits makes sworn complaint before any judge of a municipal or police court or trial justice, that

he believes intoxicating liquors are unlawfully kept or deposited in any place in the State by any person and that the same are intended for sale within the State in violation of law," the court shall issue a warrant to search the place and if liquors are there found to arrest the person named as so keeping the liquors, etc. In the case before us it was alleged in the complaint that the respondent unlawfully did have in his possession intoxicating liquors "with intent that the same be sold in this State in violation of law," etc. There was no other allegation of intent. The respondent contends that the complaint does not sufficiently allege the intent in that it does not state whether the intent was that the liquor should be sold by the respondent himself, or by some other person, or to aid or assist some other person to sell.

It was not necessary so to particularize. The gist of the offense was in the intent itself, the intent of unlawful sale, not in the proposed mode of execution. The offense, the intent, was the same whichever and whatever way it was to be carried out. It was the intent, not the execution of it, that constituted the offense, and that intent was sufficiently alleged. *State* v. *Kaler*, 56 Maine, 88; *State* v. *Connelly*, 63 Maine, 212.

> *Exceptions overruled.*
> *Demurrer overruled.*
> *Respondent to plead over as*
> *per stipulation.*